IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALVIN STEPHON DEMIRO CARTER, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 4:23-CV-1183-P |
| § | | |
| DEBORAH HILL, *et al.* § | | |
| Defendants. § | | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Alvin Stephon Demiro Carter ("Carter")'s Amended Complaint filed February 2, 2024 [doc. 10]. This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The undersigned **RECOMMENDS** that this case be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

### I. BACKGROUND

On August 2, 2021, Carter plead guilty to and received an Order of Deferred Adjudication on four counts of obstruction or retaliation. *See State v. Carter*, No. 1679134D (Crim. Dist. Ct. No. 396, Tarrant County, Texas August 2, 2021). As a result, Carter was assessed a four-year deferred adjudication subject to supervision, which he is currently serving. (*Id.*) Carter now brings this civil lawsuit against District Attorney M. Keith Ogle ("Ogle"), Arlington City Attorney Molly Shortall ("Shortall"), and Deputy Court Clerk Deborah Hill ("Hill") (collectively "Defendants"). (Plaintiff's Amended Complaint ("Am. Comp.") at 2). Carter alleges that Defendants violated his civil rights and seeks monetary damages (roughly $151 million) and injunctive relief ("to become unencumbered by the claims" against him and to "be restored for the years that I lost, due to being subjected to this colorful authority/law." (Am. Comp. at 4).

1

Although Carter paid the filing fee to bring his claims, considering that the claims as pled are barred by absolute immunity and *Heck*, the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss the complaint unless, within the time to file objections to this recommendation, Carter demonstrates that he can amend his complaint to allege a plausible claim that is not otherwise barred.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When examining the complaint to ascertain whether it presents a claim for which relief can be granted, courts must constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend."[1] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the court finds that a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend and dismiss the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

---

[1] The Court notes that Plaintiff has filed an Amended Complaint in this case [doc. 10].

3

## III. ANALYSIS

### A. Defendants Shortall and Ogle

Construing Carter's statements as liberally as possible, it appears that Carter is suing Shortall and Ogle for their respective rolls in his criminal prosecution. Carter fails to allege any act by Shortall or Ogle that falls "outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005). Consequently, Shortall and Ogle are entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

Although the analysis above disposes of Carter's claims against Shortall and Ogle completely, the undersigned further notes that Carter's civil claims are not cognizable insofar as they are based on a state conviction and sentence that has not been "reversed, invalidated, or otherwise set aside." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). The Fifth Circuit has held that "a deferred adjudication in Texas is a 'sentence or conviction' for the purposes of *Heck*." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007). Because Carter's conviction has not been reversed, expunged, or invalidated, his

claims are barred by *Heck*. Accordingly, the Court **RECOMMENDS** that Carter's claims against Shortall and Ogle be **DISMISSED** *sua sponte* **with prejudice.**[2]

### B. Defendant Hill

As set forth above, Carter also brought suit against Hill. While it is difficult to determine what exactly Carter alleges that Hill did, he does not allege that she took any actions outside of her duties as a court clerk. (*See generally* Am. Comp.). Consequently, Carter's claims against Hill should be dismissed because "court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Calzada v. Zarate*, No. 23-50361, 2023 WL 8470634, at *2 (5th Cir. Dec. 7, 2023) (citing *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Accordingly, the Court **RECOMMENDS** that Carter's claims against Hill be **DISMISSED** *sua sponte* **with prejudice.**

### RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings,

---

[2] The Court also finds that if Carter meant to bring his claims against Shortall and Ogle in their individual capacities, that they are entitled to prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 411 (1976).

conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 22, 2024**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED February 8, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE