UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALVIN STEPHON DEMIRO CARTER,

   Plaintiff,

v.                                                      No. 4:23-cv-01183-P

DEBORAH HILL, ET AL.,

   Defendants.

# ORDER

   On February 8, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("FCR") (ECF No. 17) was entered, recommending that the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss Plaintiff's claims against all remaining Defendants as barred by absolute immunity and also "not cognizable insofar as they are based on a state conviction and sentence that has not been 'reversed, invalidated, or otherwise set aside.'" ECF No. 17 at 4. (quoting *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The FCR notes that, although Plaintiff brought this civil action to set aside his state conviction and obtain monetary damages, binding precedent provides that when separate types of relief such as this are sought, a court should also consider the damages claim, which the Magistrate Judge did here.

   Objections to the FCR (ECF No. 20), which were docketed on February 14, 2024, were filed on behalf of Plaintiff by Alvin S. Carter as Plaintiff's "Agent, Entitlement Holder, and Beneficiary." *See* ECF No. 20. It appears, but it is not clear whether "Alvin S. Carter" is the same person as Plaintiff or another individual, perhaps a family member, with a similar name. If filed by someone other than Plaintiff, the court cannot consider the Objections, as there is no indication that the person who filed them is licensed to practice law and represent Plaintiff in this legal

proceeding. Assuming that the Objections were filed by Plaintiff, they are without merit.

The Objections dispute the FCR's jurisdictional finding but do not provide any basis for disregarding it or the binding legal precedent in the FCR. The Objections assert that the FCR was made in bad faith and evinces bias. *See generally* ECF No. 20. Again, however, no reasoning is provided for this assertion. The Objections include a "Notice to Rule 602" to the State of Texas and makes an irrelevant reference to the competency or qualification of a witness to testify. *Id.* at 1. The Objections appear to argue that this is why Plaintiff may sue a state actor or someone acting on behalf of the state. See *id* at 2. Finally, the Objections appear to assert that the state is committing crimes and torture to Carter *Id*. Like other objections Plaintiff has filed in other cases, this series of Objections do not appear to have any relevance to the FCR's grounds for dismissing his claims. It, instead, appears that the Objections are attempting to assert a meritless "sovereign citizen" type of argument. The Court, therefore, **OVERRULES** the Objections as frivolous and without merit.

Having considered Plaintiff's pleadings, the file, record in this case, and FCR, and having conducted a *de novo* review of the FCR, the Court determines that the findings and conclusions of the Magistrate Judge are correct and **ACCEPTS** them as those of the Court. Accordingly, the Court **DISMISSES with prejudice** remaining claims against all the Defendants for the reasons stated by the Magistrate Judge.

Because Plaintiff did not request to amend his pleadings in response to the FCR or explain how he would be able to cure the deficiencies identified, the court also determines that he has pleaded his "best case" such that giving him an opportunity to amend would be futile and unnecessarily delay the resolution of this litigation.[1] Moreover, in light

---

[1] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory

of the FCR's grounds for dismissing Plaintiff's claims as a matter of law as opposed to insufficient factual allegations, the Court finds that no viable claims by Plaintiff could be included in an amended complaint with respect to these factual allegations.[2] The Court notes, however, that if Plaintiff wishes to reassert his claims over which the court lacks jurisdiction, he may do so in a non-federal forum. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986) ("A dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court.").

**SO ORDERED** on this **5th day of March 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

[2] *See Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (acknowledging the general rule that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend" but concluding that the district court did not err in dismissing the plaintiff's retaliation claims with prejudice because it could "perceive of no viable claim [the plaintiff] could include in an amended petition"); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a district court does not err in dismissing a pro se complaint with prejudice if the court determines the plaintiff has alleged his best case).